UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MARY VERRIER, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br>  v.<br><br>BLUESTEM BRANDS INC., d/b/a FINGERHUT,<br><br>        Defendant. | Case No.: 15-cv-1215<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This action seeks redress for business practices that violate the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, *et seq*. ("TCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the plaintiff pursuant to 47 U.S.C. § 227(b) and 28 U.S.C. §§ 1331 and 1337; *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 451 (7th Cir. 2005).

3. Venue in this District is proper as plaintiff lives in this District and some of the acts which give rise to this Complaint occurred in this District.

## PARTIES

4. Plaintiff Mary Verrier is an individual who resides in Milwaukee County, Wisconsin, and within the Eastern District of Wisconsin.

5. Defendant Bluestem Brands, Inc. ("Bluestem") is a corporation organized and existing under the laws of the State of Delaware with its corporate headquarters located at 100 South 5th Street, #1075, Minneapolis, Minnesota 55402.

6. Bluestem does business under the fictitious or trade or brand name "Fingerhut."

7. Bluestem is a retailer of household goods under several brand names, including Fingerhut, Gettington.com, and Blair. *See* http://www.bluestem.com/our-brands/. Bluestem sells products online and through catalog sales.

8. Bluestem provides credit to its customers through Webbank, a state-chartered bank located in Salt Lake City, UT. *See* https://www.fingerhut.com/api/user/creditApplication/presentCreditApplication.do?emailAddress=.

9. Upon information and belief, Bluestem (and not Webbank) services Bluestem customers' credit accounts.

## FACTS

10. Between August 7, 2015 and the present, Bluestem has contacted Plaintiff's cellular telephone as many as seven times per day in an attempt to collect an alleged debt, allegedly owed by Plaintiff. Plaintiff disputes the alleged debt in its entirety.

11. These calls were all made from the phone numbers 844-240-9758 and "800 service." Upon information and belief, Bluestem makes autodialed telephone calls from the 9758 number. Further, the calls from "800 service" are also from Bluestem. Plaintiff has not received any unsolicited calls on her cellular phone from anyone other than Bluestem.

12. Upon information and belief, every call that Bluestem made to Plaintiff's cellular telephone was made using an automatic telephone dialing system, within the meaning defined in the TCPA.

13. Each time Bluestem called Plaintiff's cellular telephone, there was an automated message requesting that Plaintiff call Fingerhut.

14. Some of the telephone calls that Plaintiff did not answer went to voicemail. On some of those calls, Bluestem left a blank voicemail message of several seconds. Upon

information and belief, Bluestem's automated telephone dialing system is programmed to leave a short, blank voicemail message so that the recipient's cellular phone registers a voicemail.

15. On July 27, 2015, in response to previous automated calls from Bluestem, Plaintiff sent a letter by certified mail, revoking consent to call her cellular phone. A copy of the letter is attached as Exhibit A.

16. The letter revoking consent was received by Bluestem on August 7, 2015. A copy of the returned certified mail postcard is attached as Exhibit B.

17. Despite these requests, Bluestem continued to harass Plaintiff with telephone calls.

18. Between August 7, 2015 and September 3, 2015, Bluestem called Plaintiff's cellular phone at least 86 times. These included, for example,

- 6 calls on August 20, 2015;
- 7 calls on August 21, 2015;
- 6 calls on August 24, 2015; and
- 6 calls each on August 26, 27 and 28, 2015;

19. Bluestem continues to call Plaintiff's cellular telephone. The exact number of calls can easily be determined from Bluestem's records.

20. None of the calls from Bluestem were "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

21. All telephone contact by Defendants to Verrier on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

- 3 -
Case 2:15-cv-01215-WED   Filed 10/12/15   Page 3 of 7   Document 1

22. The telephone number that Bluestem used to contact Verrier, with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

## **COUNT I — TCPA**

23. Plaintiff incorporates the above numbered paragraphs by reference.

24. The Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227, regulates, *inter alia*, the use of automated dialing systems.

25. Among these regulations is a proscription against calling cellular telephone numbers, unless the consumer has given prior, express consent.

26. 47 U.S.C. § 227(b) states in pertinent part:

> (b) **Restrictions on use of automated telephone equipment**
> (1) **Prohibitions**
> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
> \* \* \*
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;
>
> (3) **Private right of action**
> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—
> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> (C) both such actions.
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the

court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

27. Consent can be revoked by the consumer at any time. "TCPA Omnibus Declaratory Ruling and Order," FCC 15-72 at 55-70 (July 10, 2015), (available at "https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order.") ("consumers may revoke consent through any reasonable means."); *see also Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265 (3d Cir. 2013); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1252-53 (11th Cir. 2014).

28. Plaintiff revoked any consent previously given to Defendant by certified letter, which Defendant received on August 7, 2015.

29. Plaintiff has not subsequently given Defendant consent to call her.

30. Defendant acts willfully and/or knowingly in calling telephone numbers without regard to the TCPA, whether the telephone is cellular telephone, and whether Defendants currently have consent to call a person's cellular telephone.

31. Upon information and belief, every call that Bluestem made to every class member's cellular telephone was made using an automatic telephone dialing system, within the meaning defined in the TCPA.

32. In calling Plaintiff and the class members on their cellular telephone lines by means of an automated telephone dialing system, Defendant violated 47 U.S.C. § 227(b).

## **CLASS ALLEGATIONS**

33. Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were called on their cellular telephone by Bluestem, (c) by means of an automatic telephone dialing system, (d) without consent to call the cellular telephone number, (e) on or after October 12, 2011. Excluded from the Class is Defendant

Bluestem and any entities in which Bluestem has a controlling interest; Bluestem's agents and employees; any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

34. The class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the class.

35. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.

36. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

37. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in TCPA and consumer class action litigation.

38. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and against defendants for:

A. An injunction against the calling of cellular telephones by Bluestem, except where the cellular telephone subscriber has provided that number as the sole telephone contact number.

B. Declaring this action to be a class action properly maintained pursuant to Rule 23 of the Federal Rules of Civil Procedure;

C. Damages pursuant to 47 U.S.C. § 227(b)(3);

D. Attorney's fees, litigation expenses and costs of suit;

E. Such other or further relief as the Court deems proper.

- 6 -
Case 2:15-cv-01215-WED   Filed 10/12/15   Page 6 of 7   Document 1

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: October 12, 2015

          **ADEMI & O'REILLY, LLP**

By: /s/ Denise L. Morris
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com